## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED TRANSPORTATION UNION,<br>14600 Detroit Avenue<br>Cleveland, Ohio 44107 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>)<br>) | CASE NO. 1:06CV00503 |
| BNSF RAILWAY COMPANY,<br>2500 Lou Menk Drive<br>Fort Worth, Texas 76131-2828 | )<br>)<br>)<br>) | |
| Defendant. | )<br>)<br>) | |

### ORIGINAL ANSWER OF BNSF RAILWAY

BNSF Railway Company (BNSF) files the following Original Answer to the United Transportation Union's Complaint for Declaratory Relief and Injunctive Relief under the Railway Labor Act (Complaint).

BNSF admits the allegations contained in sentences 1-5 of the Complaint's introductory paragraph. BNSF denies the allegations contained in sentences 6 and 8 of that paragraph. With respect to sentence 7, BNSF admits that compensation is subject to national handling, but notes it is permissible to simultaneously engage in voluntary local bargaining on that issue.

1. BNSF admits the allegations contained in paragraph 1 of the Complaint.

2. BNSF admits the allegations contained in paragraph 2 of the Complaint.

3. BNSF admits the allegations contained in paragraph 3 of the Complaint.

4. BNSF admits the allegations contained in paragraph 4 of the Complaint.

5. BNSF admits the allegations contained in paragraph 5 of the Complaint.

6.  BNSF admits the allegations contained in paragraph 6 of the Complaint.

7.  BNSF admits the allegations contained in paragraph 7 of the Complaint.

8.  BNSF admits the allegations contained in paragraph 8 of the Complaint.

9.  BNSF admits the allegations contained in paragraph 9 of the Complaint.

10. BNSF admits the allegations contained in paragraph 10 of the Complaint.

11. BNSF admits the allegations contained in paragraph 11 of the Complaint.

12. BNSF admits the allegations contained in paragraph 12 of the Complaint.

13. BNSF admits the allegations contained in paragraph 13 of the Complaint.

14. BNSF admits the allegations contained in paragraph 14 of the Complaint.

15. With respect to the allegations contained in paragraph 15 of the Complaint, BNSF admits that compensation is subject to national handling, but notes it is permissible to simultaneously engage in voluntary local bargaining on that issue.

16. With respect to the allegations contained in paragraph 16 of the Complaint, BNSF admits UTU is quoting an agreement between BNSF and UTU and denies the other legal conclusions.

17. Upon information and belief, BNSF admits the allegations contained in paragraph 17 of the Complaint (misnumbered as paragraph 19).

18. With respect to the allegations contained in paragraph 18 of the Complaint (misnumbered as paragraph 20), BNSF admits that UTU has quoted a portion of John Fleps' letter to several unions.

19. With respect to the allegations contained in paragraph 19 of the Complaint (misnumbered as paragraph 21), BNSF admits that it sought to engage the UTU General Chairman in voluntary local negotiations on a compensation issue.  Such voluntary engagement is

entirely permissible. BNSF denies that the profit-sharing compensation negotiations that UTU refused to allow its General Chairman to participate in necessarily dealt with the <u>future</u> compensation issues that are part of national handling.

20. BNSF realleges its answers to paragraphs 1 through 21 of the Complaint (misnumbered as paragraph 22).

21. BNSF admits the allegations contained in paragraph 21 of the Complaint (misnumbered as paragraph 23).

22. BNSF admits the allegations contained in paragraph 22 of the Complaint (misnumbered as paragraph 24).

23. BNSF admits the allegations contained in paragraph 23 of the Complaint (misnumbered as paragraph 25).

24. BNSF admits the allegations contained in paragraph 24 of the Complaint (misnumbered as paragraph 26).

25. With respect to the allegations contained in paragraph 25 of the Complaint (misnumbered as paragraph 27), BNSF admits that it sought to engage the UTU General Chairman in <u>voluntary</u> local negotiations on a compensation issue. Such voluntary engagement is entirely permissible. BNSF denies that the profit-sharing compensation negotiations that UTU refused to allow its General Chairman to discuss necessarily dealt with the <u>future</u> compensation issues that are part of national handling.

26. BNSF denies the allegations contained in paragraph 26 of the Complaint (misnumbered as paragraph 28).

27. BNSF denies the allegations contained in paragraph 27 of the Complaint (also misnumbered as paragraph 28).

28. BNSF denies the allegations contained in paragraph 28 of the Complaint (misnumbered as

paragraph 29).

29. With respect to the allegations and relief contained in the Complaint's Prayer, BNSF denies

UTU is entitled to any relief.

Dated: May 16, 2006

Respectfully submitted,

Donald J. Munro
D.C. Bar No. 453600
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, D.C. 20001
(202) 346-4000
(202) 346-4444 FAX

David M. Pryor
Texas Bar No. 00791470
BNSF RAILWAY COMPANY
2500 Lou Menk Drive, AOB-3
Fort Worth, Texas 76131-2828
(817) 352-2286
(817) 352-2399 FAX

ATTORNEYS FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on May 16, 2006, a true and correct copy of this document was served by facsimile, hand delivery and/or electronic mail on the following counsel for plaintiff United Transportation Union:

Clinton J. Miller
General Counsel
United Transportation Union
14600 Detroit Avenue
Cleveland, Ohio 44107

Joseph Guerrieri, Jr.
Guerrieri, Edmond, Clayman & Bartos
1625 Massachusetts Avenue, NW Ste. 700
Washington, DC 20036-7400

Donald J. Munro